# MANDATE

11-2231-cv
Maloney v. County of Nassau

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand twelve.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           SUSAN L. CARNEY,
                    *Circuit Judges*.

------------------------------------------------------------------
JAMES M. MALONEY,

       *Plaintiff-Appellant*,

     v.                                      No. 11-2231-cv

THE COUNTY OF NASSAU, ROBERT SEIDEN, DENIS DILLON, in his official capacity as District Attorney of the County of Nassau, JOAN P. YALE, JOHN DOES, #1–100,

       *Defendants-Appellees*,

THE POLICE DEPARTMENT OF THE COUNTY OF NASSAU, JOHN A. JOHNSON, in his official capacity as Commissioner of the State of New York Office of the Children and Family Services, DAVID R. PETERS, in his official capacity as Director of the State Central Register

MANDATE ISSUED ON 12/20/2012

of the State of the New York Office of Children and Family Services,

                *Defendants.*

--------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | James M. Maloney, Esq., *pro se*, Port Washington, New York. |
| FOR APPELLEES: | John Ciampoli, County Attorney, David A. Tauster, Deputy County Attorney, Dennis J. Saffran, Appeals Bureau Chief, Office of the Nassau County Attorney, Mineola, New York *for* Dennis Dillon, Joan P. Yale. |
| | Robert Seiden, *pro se*, Port Washington, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 6, 2010, is AFFIRMED.

Plaintiff James Maloney appeals pro se from an award of summary judgment in favor of defendants on his claims pursuant to 42 U.S.C. § 1983 of unconstitutional search, seizure, and retention of personal property, following a 12-hour standoff with police on August 23, 2000, at Maloney's residence in Port Washington, New York. We review de novo a grant of summary judgment based on qualified immunity. See Taravella v. Town of Wolcott, 599 F.3d 129, 133 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated in the district court's detailed memoranda explicating its award of summary judgment and denial of reconsideration.

1.   Officer Yale

Maloney contends that Officer Yale was not entitled to qualified immunity from suit for the warrantless search of a locked safe contained within a locked refrigerator in Maloney's home, or the seizure of items contained therein, because Yale could not reasonably have relied on the consent of Maloney's wife, Debra Comer, to search these items given her claim that she did not know how to unlock them.[1]

We assess this argument mindful that the doctrine of qualified immunity is intended to allow government officials to perform discretionary duties without fear of disabling personal liability for money damages, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Filarsky v. Delia, 132 S. Ct. 1657, 1665 (2012) (observing that qualified immunity serves "government interest in avoiding unwarranted timidity on the part of those engaged in the public's business" (internal quotation marks omitted)).  Such immunity provides a broad shield, protecting "all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986); accord Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2085 (2011).

In this circuit, it was well established in August 2000, the time of the conduct at issue, that a third party's consent could validate a warrantless search if circumstances indicated that

---

[1] Because Maloney does not challenge on appeal the voluntariness of Comer's consent, we deem any such argument abandoned.  See Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011).

3

the third party had (1) "access to the area searched," and (2) "either[] (a) common authority over the area; or (b) a substantial interest in the area; or (c) permission to gain access." United States v. Davis, 967 F.2d 84, 87 (2d Cir. 1997) (citing United States v. Matlock, 415 U.S. 164, 171 (1974)). What was not clearly established at that time was "the meaning of 'access' under Davis [or] how 'substantial' an interest must be to vest a third party with authority to consent to a search." Moore v. Andreno, 505 F.3d 203, 215 (2d Cir. 2007). Indeed, Davis itself signaled that the absence of keys to a locked container did not necessarily foreclose a finding of access. See 967 F.2d at 87 & n.3 (upholding search of footlocker on consent of owner who had stored personal items therein but given away only key, while expressly declining to "suggest that the extent of a defendant's protection under the Fourth Amendment is proportional to the quality of the container he uses to secure his belongings"). Thus, we cannot conclude that no reasonable officer would have thought that (1) Comer's status as Maloney's wife; (2) the couple's joint residence in the home where the refrigerator and safe were located; (3) Comer's ownership of that home; and (4) Comer's statement that some of her personal property, i.e., her jewelry, might be stored within the safe, were sufficient to support a conclusion that Comer had both the requisite access and interest to permit her lawfully to consent to a search of these items notwithstanding her professed personal inability to unlock them. See Walczyk v. Rio, 496 F.3d 139, 154 (2d Cir. 2007) (holding that officer is "entitled to qualified immunity [where] officers of reasonable

4

competence could disagree on the legality of the action at issue in its particular factual context" (internal quotation marks omitted)).

Nor was it clearly established in 2000 that the actions of Yale and other officers outside Maloney's residence resulted in an arrest that violated Payton v. New York, 445 U.S. 573 (1980) (requiring warrant for arrest within residence), even though no officer physically entered the home until Maloney had emerged therefrom. Indeed, we expressly declined to comment on the constitutionality of such police conduct in a decision issued a few months after Maloney's arrest, observing that "[i]t is unclear whether Payton's solicitude is aroused when a dwelling is penetrated by the voice of a police officer standing outside." United States v. Gori, 230 F.3d 44, 51 (2d Cir. 2000).

Accordingly, we conclude that summary judgment on the ground of qualified immunity was properly granted in favor of defendant Yale.

2.   District Attorney Dillon

The same conclusion obtains with respect to the award of summary judgment to District Attorney Dillon on the claim that he failed timely to return property to Maloney following his guilty plea to a disorderly conduct charge. The fact that the plea agreement provided for unspecified items to be returned to Maloney does not clearly establish a timeframe for their return, the violation of which is actionable under § 1983. In any event, what must be "clearly established" to defeat qualified immunity is not the language of a plea agreement, but the decisional law of the Supreme Court or this circuit. See Shechter v.

Comptroller of City of N.Y., 79 F.3d 265, 271 (2d Cir. 1996). As Maloney points to no decisional law clearly establishing a right to the return of state-seized property within a prescribed time after a guilty plea on state charges, we affirm judgment in favor of Dillon.

3.  Attorney Seiden

In the course of his standoff with police, Maloney demanded to speak with attorney Seiden, a lawyer purportedly known to him, but with whom Maloney had never had an attorney-client relationship. Seiden responded to a police request to come to the scene to talk with Maloney, only to find himself sued for conspiring with the police to deprive Maloney of his right to be arrested on a warrant.[2] Maloney asserts that he can maintain such an action against Seiden even if the police with whom Seiden purportedly conspired are entitled to qualified immunity on a Payton-based claim. We need not pursue this qualified-immunity point because Maloney's claim against Seiden fails for insufficient evidence to permit a reasonable jury to conclude that Seiden took any actions in concert with the police with knowledge of a scheme to deprive Maloney of constitutional rights and the intent to further such a scheme. See Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999) (requiring plaintiff charging private person with § 1983 conspiracy to prove that person acted "in

---

[2] Because Seiden's alleged personal involvement extends only to negotiating Maloney's surrender from outside his residence, Seiden's potential § 1983 liability correspondingly extends only to Maloney's Payton-based claim and not to his search claim. See Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (affirming dismissal of § 1983 conspiracy claim against lawyer absent "basis in fact" for inferring his personal involvement in alleged deprivations).

6

concert" with state defendants in order "to inflict an unconstitutional injury"); Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (reiterating that "conclusory allegations" or "unsubstantiated speculation" will not defeat summary judgment on § 1983 conspiracy claim). All federal claims having been properly dismissed, the district court did not abuse its discretion in also dismissing the pendent state law claims against Seiden.

We have considered Maloney's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court



7

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit